UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ROCCO COSTABILE,

                Plaintiff,                17 Civ. 8490

  -against-                          OPINION

NYC HEALTH & HOSPITALS CORP.,
MALICK BYRNE, DOLORES M. LEITE,
And SHOBA JOSEPH,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

    Pro Se

    ROCCO COSTABILE
    739 Midland Avenue
    Yonkers, NY 10704


    Attorneys for Defendants

    ZACHARY W. CARTER
    Corporation Counsel of the City of New York
    100 Church Street, Room 2-196
    New York, NY 10007
    By:  Kimberly Brown, Esq.

**Sweet, D.J.**

The defendants NYC Health and Hospitals Corp. ("HHC"), Malick Byrne ("Byrne"), Dolores M. Leite ("Leite") and Shoba Joseph ("Joseph") (collectively, the "Defendants") have moved pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure to dismiss the complaint of the plaintiff Rocco Costabile, pro se ("Costabile" or the "Plaintiff') with prejudice for insufficient service of process and failure to state a claim. Based upon the following conclusions, the motion of the Defendants is granted.

**Prior Proceedings**

Costabile filed his complaint on November 2, 2017 and summonses were issued for the Defendants. On February 20, 2018, the Defendants filed a motion to dismiss. On March 14, 2018, Costabile sought leave to amend his complaint. ECF No. 18.

The Plaintiff signed the form Amended Employment Discrimination Complaint (the "AC") on April 13, 2018 and sent it to the Court. It named HHC, Jeff J. Smodish ("Smodish"), John Doe, and HHC employees 1-4 as defendants (the "AC Defendants"). The AC alleged a claim or violation of the Rehabilitation Act of

1

1973, 29 U.S.C. § 701-795, employment discrimination on the basis of disability arising out of injuries on the job and multiple sclerosis ("MS"), as well as a violation of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. 12101-12213 (Am. Comp. ¶¶ IIIA). The AC also alleged discrimination, employment termination, failure to accommodate Plaintiff's disability and to engage in interactive process under New York State Human Rights Law ("NYSHRL") and 42 U.S.C. 1983 Am. Compl. ¶¶ IIIB, IVA. A factual statement of 40 paragraphs was attached. The relief sought was reemployment, a reasonable accommodation, back pay, compensation for lost benefits and pain and suffering. Am. Compl. ¶ VI.

The factual statement described Costabile's employment by HHC as a carpenter, his job injuries suffered in 2003, 2006, 2010, and 2012, his resulting leaves and medical certifications, and his MS, which was also stated in his EEOC complaint in 2010. Id.

An injury in 2014 resulted in medical leave and a letter, on August 10, 2015, from Smodish, as Associate Director Human Resources, stating that medical documentation that he was fit for "full duty" was required since he had been absent since May 16, 2014 (the "August 10 Letter"). The August 10 Letter

2

cited the HHC Personnel Rules and Regulations, which permit termination after absence of more than a year unless the requested medical documentation is submitted. The August 10 Letter also enclosed the HHG Personnel Rules and Regulations with respect to the employee's rights to reinstatement after an appeal to the Personnel Review Board ("PRB"). Under the Personnel Rules, a right to reinstatement is provided for employees who "upon appeal to the [PRB]," are deemed "physically, medically, and mentally fit to perform the essential duties of his/ her former title with or without a reasonable accommodation[.]" Brown Decl., Exh. A, ECF No. 13 (emphasis original).

Costabile's factual statement explained his confusion concerning "full duty" and his ability "to complete the essential functions of his job." B. Facts, ¶¶ 27-32. Costabile listed his contentions regarding reasonable accommodations (Am. Compl. IV ¶¶ 33-38) and the interactive process (Am. Compl. IV ¶ 40).

The motion of the Defendants to dismiss the complaint and the request of the Plaintiff to file an amended complaint were marked fully submitted on June 13, 2018.

**The Motion to Amend the Complaint is Granted**

Defendants contend that the AC does not state valid causes of action.

The AC names various defendants and claims from the initial complaint, and it was submitted to counter the defenses asserted by the Defendants initially. Under the circumstances arising in *pro se* litigation, the AC is permitted as the appropriate pleading of Costabile's claim. The Defendant's Reply Memo effectively constitutes opposition to the AC and seeks its dismissal.

**The Motion to Dismiss the AC is Granted**

The AC, as a *pro se* complaint, can be construed to state a claim for reinstatement with a reasonable accommodation.[1]

However, the explicit administrative process to be followed, as provided by the Personnel Rules and Regulations and stated in the August 10 Letter and its attachment, cannot be

---

[1] Defendants note the contradictory allegations in the AC with respect to reasonable accommodations (Def. Reply Memo, p. 5). Affording every favorable inference to Plaintiff's *pro se* pleading, only those allegations supporting his contentions are considered.

4

ignored. See Brown Decl., Exh. A, ECF No. 13 (providing the right to "appeal to the Personnel Review board within one year following termination" and to "reinstate[ment] to his/her former title" upon a finding of physical, medical, and mental fitness).

Plaintiff acknowledges his failure to respond to the August 10 Letter, which put him on notice that such failure would lead to termination. See Am. Compl. ¶ ("Because Plaintiff was unable to submit a letter stating that he was able to return to 'full duty' . . . Plaintiff was terminated by Jeff Smodish and John Doe"); Brown Decl., Exh. A, ECF No. 13 ("If you are fit to return to work, *you must submit medical documentation stating that you are fit to return* to full duty by September 10, 2015") (emphasis added).

Having failed to provide the requested medical documentation, Costabile's required course was to appeal the termination, which he failed to do. Kennedy v. Empire Blue Cross Blue Shield, 989 F.2d 588, 592 (2d Cir. 1993) ("[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.") (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938).

Nor would appeal to the PRB have been futile. See generally Kennedy, 989 F.3d at 594 ("Where claimants make a 'clear and positive showing' that pursuing available administrative remedies would be futile . . . a court will release the claimant from that requirement."). Plaintiff claims he "was then, and is, able to complete the essential functions of his job . . . with or without reasonable accommodation." Am. Compl. ¶ 32. In view of his perceived capacity to return to work—with or without accommodation—Plaintiff's failure to exhaust his administrative remedies, by first failing to respond to the August 10 letter and second by not seeking reinstatement pursuant to Section 7.3.4 of the Personnel Rules, is fatal to his claims. Id.; see Brown Decl., Exh. A, ECF No. 13 (providing for reinstatement where employee is deemed "physically, medically, and mentally fit to perform the essential duties of his/ her former title with or without a reasonable accommodation[.]")

Plaintiff's failure to follow the prescribed internal administrative process represents a failure to exhaust the available remedies and requires dismissal. See id. ("The exhaustion requirement may arise from explicit statutory language or from an administrative scheme providing for agency

6

relief."); see also Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134 (2d Cir. 2001) ("[Plaintiff] was required to exhaust even if she was ignorant of the proper claims procedure.").

Even if Plaintiff's failure to exhaust his administrative remedies—both before and after termination—did not compel dismissal of the AC, an analysis of his substantive causes of action would.

First, as a threshold matter, Plaintiff's claims under the Rehabilitation Act, Section 1983, the SHRL, and the CHRL, each of which has a three-year statute of limitations, are time-barred as to all conduct before November 2, 2014. See Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). Thus, the only factual allegations under consideration are those relating to Plaintiff's September 2015 termination.

As to the SHRL and CHRL claims, Plaintiff's claim that Defendants failed to engage in the interactive process is contradicted by his concession that defendants contacted him on August 10, 2015 to gauge his ability to return to work and to provide information on rights to reinstatement and appeal. Plaintiff does not dispute the fact that he was terminated

7

because he failed to respond to the letter. Def. Reply Memo, p. 6, ECF. No. 25.

Moreover, the Rehabilitation Act claim fails because Plaintiff does not allege his disability was not the "sole reason" of his termination. See Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998) (recognizing the essential element of a Rehabilitation Act claim, that plaintiff show he was "denied the benefits *solely by reason of his disability*"); see also Def. Reply Memo, p. 6, ECF. No. 25.

The Section 1983 claim against defendants fails because Plaintiff does not plead Monell liability: the existence of a municipal policy or custom that caused the deprivation of his constitutional rights. See Fierro v. New York City Dep't of Educ., 994 F.Supp.2d 581, 599 (S.D.N.Y. 2014).

Finally, the individual claims against defendants—which exist only under Section 1983, as neither the ADA nor Rehabilitation Act provides for individual liability—are likewise inadequate. See Lane v. Maryhaven Ctr. Of Hope, 944 F. Supp. 158, 163-64 (E.D.N.Y. 1996). Plaintiff does not adequately allege the necessary element of "personal involvement," defined as "not only direct participation in the alleged violation but

8

also gross negligence in the supervision of subordinates who committed the wrongful acts[.]" See <u>Patterson v. County of Oneida</u>, 375 F.3d, 206, 226 (2d Cir. 2004).

**Conclusion**

Based on the conclusions set forth above, the AC is dismissed with prejudice for failure.

It is so ordered.

New York, NY
August 21, 2018

_____
ROBERT W. SWEET
U.S.D.J.